## PROVIDENCE COUNTY.

### NILS NEILSON *vs.* WELCOME O. BROWN *et als.*

A. claimed damages resulting from the death of his wife, charging the defendants with enticing her from him, and with so detaining her, slandering him, and reviling the marriage, that she languished in mind and body, and died.

*Held*, on demurrer, that the claim was not within the scope of Pub. Stat. R. I. cap. 204, § 20.

*Held*, further, that an action on the claim could not be maintained.

A. also claimed damages for the defendants' refusal to allow him to attend his wife's funeral, which was arranged by them, and to view her body, which was in their charge.

*Held*, on demurrer, that an action on the claim could not be maintained.

*Held*, further, that A.'s right to the custody of his wife's body for burial did not involve a license to enter the premises of others who had not refused to deliver the body on demand therefor.

TRESPASS ON THE CASE. On demurrers to the declaration.

The plaintiff declared against the defendants as follows :

" Nils Neilson, of East Providence, in said county of, Providence, complains of Welcome O. Brown, of the city and County

of Providence, physician, in the custody of the sheriff, and of Elcy M. Chace, widow, and Huldah M. Beede, spinster, both of the said city and County of Providence, summoned by the sheriff in an action of the case.

" 1. For that whereas the said defendants contriving and wrong-fully, wickedly, and unjustly intending to injure the said plaintiff, and to deprive him of the comfort, fellowship, society, aid and as-sistance of Elcy A. Neilson, the wife of the said plaintiff, and to alienate and destroy her affection for the said plaintiff, heretofore, to wit, on the            day of            , A. D. 1880, to wit, at Providence, aforesaid, unlawfully, wrongfully, and unjustly enticed, persuaded, and procured the said Elcy A. Neilson, so then being the wife of the said plaintiff as aforesaid, to depart from the home, fellowship, society, bed and board of her said husband, said plaintiff, by means of which said enticement, persuasion, and procurement the said Elcy A. Neilson, so being such wife of said plaintiff as aforesaid, then and there, to wit, on the day and year aforesaid, to wit, at said Providence aforesaid, without the license or consent and against the will of the said plaintiff, departed from and out of the home, fellowship, society, bed and board of her said husband, said plaintiff, and remained and continued absent from such fellowship, society, bed and board for a long space of time, to wit, from thence to the time of the death of said Elcy A. Neilson, on, to wit, the 28th day of January, A. D. 1881, whereby the plain-tiff lost the comfort, fellowship, company, society, aid and assist-ance of his said wife in his domestic affairs all the time she re-mained so absent as aforesaid, which said plaintiff, during all that time, ought to have had and otherwise might and would have had, to wit, at Providence aforesaid.

" 2. And also for that said Elcy A. Neilson in the first count aforesaid mentioned, on, to wit, the 28th day of January, A. D. 1881, to wit, at said Providence, and during the time that she was so absent from the fellowship, society, bed and board of said plain-tiff by the persuasion, procurement, and enticement of said de-fendants, as set forth in the first count aforesaid, and while she was the lawful wife of said plaintiff, died, and upon and after her said death her body was and remained to and including the time of her burial, on, to wit, the            day of            , A. D. 1881, to wit, at said Providence, in the care, charge, and custody of said

defendants; said defendants then and there wrongfully, unlaw-
fully, and unjustly forbade, prevented, and refused said plaintiff
from seeing said body of his said wife, and from attending her
funeral and funeral services, whereby said plaintiff suffered, and
thence hitherto has suffered great anguish, grief, and sorrow of
mind, and great mental and bodily injury.

" 3. And also for that whereas at and prior to the aforesaid
enticement, persuasion, and procurement by said defendants of said
Elcy A. Neilson to depart from the home, fellowship, society, bed
and board of said plaintiff, as in the first count aforesaid set forth,
said Elcy A. Neilson was, and theretofore had been, a woman in
good health of body and mind, and happy, contented, and satis-
fied in her marital relations with the plaintiff, said defendants,
from and after her said departure from the home, fellowship,
society, bed and board of said plaintiff, and thence to and includ-
ing the time of her death, as in the second count aforesaid set
forth, and while she was the lawful wife of said plaintiff, unjustly
intending to injure the plaintiff, and to alienate and destroy the
affection of his said wife for him, said plaintiff, as in the first
count aforesaid set forth, by detaining said Elcy A. Neilson from
the home, fellowship, society, bed and board of said plaintiff, and
by their unjust and unlawful charges, reflections, and accusations
of and against the plaintiff, and her marriage with the plain-
tiff, and by harassing, disturbing, and annoying both her body
and her mind, caused her, said Elcy A. Neilson, to languish and
sicken both in body and mind ; her mind to become and be unset-
tled, disturbed, weakened, and impaired, and rendered her life and
existence so miserable, unhappy, and unendurable to her in her
said unsound condition of body and mind, that she, said Elcy A.
Neilson, on, to wit, the 28th day of January, A. D. 1881, to wit,
at said Providence, and then and there being the lawful wife of
the plaintiff, died, whereby the plaintiff hath thence hitherto and
forever wholly lost and been deprived of the comfort, fellowship,
society, aid and assistance of said Elcy A. Neilson, his said wife,
in his domestic affairs, which the said plaintiff, during all that
time, ought to have had and otherwise might and would have
had, to wit, at Providence aforesaid.

" All which is to the damage of the plaintiff," &c.

To the first count of this declaration the defendants pleaded the

general issue ; to the second and third counts they demurred, and the plaintiff joined in the demurrer.

Public Statutes R. I. cap. 204, § 20, is as follows :

" In all cases in which the death of any person ensues from injury inflicted by the wrongful act of another, and in which an action for damages might have been maintained at the common law had death not ensued, the person inflicting such injury shall be liable to an action for damages for the injury caused by the death of such person, to be recovered by action of the case for the use of the husband, widow, children, or next of kin, in like manner and with like effect as in the preceding five sections provided."

*May* 29, 1882. CARPENTER, J. The second count alleges in substance that, the plaintiff's wife having been enticed away by the defendants, and having died during her absence from him, the defendants, having charge of the funeral services, refused to allow him to see her body after death, or to attend the funeral, and prevented him from so doing. In order to sustain this count we must hold that the husband has the right thus to see the body of his wife and to attend the funeral services. We find no ground, either in reason or authority, for holding that any person has a right to enter the possessions of another without his consent, for attending a funeral. It is suggested that the public nature of funeral ceremonies implies a license; but such license, if one arose in this case, was revocable, and was clearly revoked by the subsequent conduct of the defendant as set out in the count. It is also suggested that the wrong-doing of the defendants in enticing away the wife raises a license of which the plaintiff may avail himself under this count; but we think that the right of the husband in this regard was, at most, a right to have the custody of the body of his wife, and to order the funeral ceremonies himself in his own possessions, and that the license, if any was implied, was to enter the premises of the defendants for the purpose of assuming such custody and removing the body for that purpose. But in this case there is no allegation of demand for the body, or refusal to deliver the same. The only allegation being that the plaintiff was prevented from attending the ceremonies which were proceeding under the charge of the defendants.

The third count alleges in substance that the defendants, having enticed away the wife of the plaintiff and intending to injure the plaintiff, so detained her from her husband, and so slandered the husband and spoke evil of her marriage with him as to weaken her mind and body, whereof she died. The plaintiff, in support of this count, relies on cap. 204, § 20, of the Public Statutes. We do not think this action can be maintained under that statute. We understand that statute to give a right of action in those cases in which, at common law, an action might have been maintained for the injury from which the death resulted; but death could result from no injury, unless an injury to the deceased person, and for such injury only the deceased person could have maintained an action. It follows, therefore, that no action can be maintained under this statute except in cases where the deceased person, had he lived, would have had an action. In this case the count alleges that the wife was by persuasion detained from her husband, and slanderous and false statements regarding him and her marriage were made to her. It seems clear that for these acts no action could have been maintained by the wife or for her use, and therefore the present action must fail.

*Demurrers sustained.*

*Spooner & Miller* and *Arthur L. Brown*, for plaintiff.
*Nicholas Van Slyck & Charles M. Salisbury*, for defendants.